**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4410**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LAMAR LAMONT HAMPTON,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:09-cr-00396-TDS-4)

———————

Submitted: December 10, 2015      Decided: February 18, 2016

———————

Before MOTZ, THACKER, and HARRIS, Circuit Judges.

———————

Affirmed in part and dismissed in part by unpublished per curiam opinion.

———————

William S. Trivette, WILLIAM S. TRIVETTE, ATTORNEY AT LAW, PLLC, Greensboro, North Carolina, for Appellant. Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lamar Lamont Hampton appeals the district court's judgment revoking his term of supervised release and sentencing him to 7 months' imprisonment followed by 29 months of supervised release. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the sentence is plainly unreasonable. We affirm in part and dismiss in part.

During the pendency of this appeal, Hampton's prison term ended and he began serving his new term of supervised release. We may address sua sponte "whether we are presented with a live case or controversy . . . since mootness goes to the heart of the Article III jurisdiction of the courts." Friedman's, Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002) (internal quotation marks omitted). Because Hampton has already finished serving his term of imprisonment, there is no longer a live controversy regarding the length of his confinement. Accordingly, counsel's challenge to the reasonableness of Hampton's term of imprisonment is moot. See United States v. Hardy, 545 F.3d 280, 283-85 (4th Cir. 2008) (holding that defendant's release from prison moots appeal of revocation sentence). However, because Hampton is currently serving the 29-month term of supervised release, we retain jurisdiction to review the district court's

decision to impose a new term of supervised release. We conclude that Hampton's term of supervised release is not plainly unreasonable. See United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013) ("We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable.").

Accordingly, we dismiss as moot the portion of Hampton's appeal challenging the length of his term of imprisonment and affirm in part the district court's judgment in all other respects. This court requires that counsel inform Hampton, in writing, of the right to petition the Supreme Court of the United States for further review. If Hampton requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hampton. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART